# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CAMERON NELSON, | DOCKET NUMBER |
| Appellant, | AT-1221-22-0186-W-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: April 5, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Georgia A. Lawrence</u>, Esquire, and <u>Shaun C. Southworth</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Alicia Ainsworth</u>, Esquire, and <u>Andrew Hass</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, FIND that the appellant established jurisdiction

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

over his claims, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed an Environmental Floodplain Specialist, IC-11, with the agency's Federal Emergency Management Agency (FEMA). Initial Appeal File (IAF), Tab 11 at 4, 19. He was appointed to this position on June 23, 2019, under the Stafford Disaster Relief and Emergency Assistance Act, Pub. L. 93-288, 88 Stat. 143 (1974), which provides for temporary, emergency appointments outside title 5. *Id*. at 22; IAF, Tab 9 at 38. On October 22, 2021, the agency terminated the appellant based on the charges of conduct unbecoming, which concerned his "surreptitious audio recording of another FEMA employee without their knowledge or consent," and unauthorized use of a travel charge card. IAF, Tab 11 at 19-23.

At some point following his termination, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that he was terminated because of disclosures he made to the agency's equal employment opportunity (EEO) office and Office of Professional Responsibility (OPR). IAF, Tab 9 at 33-53. By letter dated December 8, 2021, OSC closed its investigation into the appellant's complaint and informed him of his IRA appeal rights with the Board. IAF, Tab 1 at 8.

The appellant filed a timely appeal with the Board. IAF, Tab 1. In response to the administrative judge's jurisdictional order explaining how the appellant could establish jurisdiction over an IRA appeal, the appellant asserted that on or around January 26, 2021, he told an EEO counselor that he was being discriminated against based on his race (African American) and sex (male) and retaliated against based on prior EEO activity. IAF, Tab 9 at 15. Specifically, he alleged that he disclosed to an EEO counselor that his supervisor sought to intimidate him by threatening to "let [him] go" unless his performance improved, that he was verbally abused and intimidated by his supervisor, and that his

supervisor threatened to engage in potential witness tampering by "throw[ing]" his weight around." *Id*. at 7-8, 15-16. He also asserted that he filed a complaint with the agency's OPR regarding these matters. IAF, Tab 15 at 4. The appellant's pleadings generally suggest that he believes he was terminated as a result of the harassment and his communication with the agency's EEO and OPR offices. IAF, Tabs 9, 15.

Without holding the appellant's requested hearing, IAF, Tab 1 at 2, the administrative judge issued an initial decision, IAF, Tab 16, Initial Decision (ID) based on the written record. Without deciding whether the appellant proved that he exhausted his administrative remedy with OSC, the administrative judge found that the appellant failed to nonfrivolously allege that he made a protected disclosure under 5 U.S.C. § 2302(b)(8). ID at 7-8. Accordingly, he dismissed the appeal for lack of jurisdiction. ID at 8.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. He primarily argues the merits of his termination, specifically with regard to the charge concerning the audio recordings of another FEMA employee without their knowledge or consent. *Id*. at 7-8. He also reiterates his claims of discrimination based on race and sex. *Id*. at 8, 14, 16. With his petition for review, he includes emails relating to the audio recordings and agency regulations/policies related to such activity, and a March 2020 FEMA Records Disposition Schedule.[2] *Id*. at 18-257. The agency has responded to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish the Board's jurisdiction over an IRA appeal, the appellant must prove by preponderant evidence that he exhausted his administrative remedy

---

[2] Because we are remanding this appeal for adjudication on the merits, we need not determine the effect these documents have on the appellant's petition for review. The appellant may submit the documents relevant to his claims during adjudication on remand.

before OSC and make nonfrivolous allegations that: (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the protected disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 8; *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

As set forth above, the appellant has alleged that he disclosed to an EEO counselor that he was discriminated against on the basis of race and sex, specifically asserting that his supervisor told him he was going to "let [him] go" if his performance did not improve, that he was verbally abused and intimidated, and that his supervisor threatened to engage in witness tampering. IAF, Tab 9 at 7-8, 14-16. He has also asserted that he similarly complained to the agency's OPR, IAF, Tab 15 at 4, and that he was terminated in reprisal for his communications with the EEO and OPR offices, IAF, Tabs 9, 15.

The appellant exhausted his administrative remedy with OSC.

As noted above, in the initial decision, the administrative judge made no findings regarding whether the appellant exhausted his administrative remedy with OSC. ID at 7. However, exhaustion of claims with OSC is generally seen as a threshold matter and, thus, will be addressed here first. *See Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 4 (2014). To satisfy the exhaustion requirement of 5 U.S.C. § 1214(a)(3), an appellant must have provided OSC with a sufficient basis to pursue an investigation into his allegations of whistleblower reprisal. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. Generally, exhaustion can be demonstrated through the appellant's OSC complaint, evidence the original complaint was amended (including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations), and the appellant's written responses to OSC. *Id.*, ¶ 11; *Mason v. Department of Homeland Security*, 116 M.S.P.R.

135, ¶ 8 (2011). Alternatively, exhaustion may be proven through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in his appeal. *Chambers*, 2022 MSPB 8, ¶ 11.

Here, the record includes the appellant's OSC complaint, in which he discussed his claims of discrimination and asserted that he disclosed to the agency's EEO office his claims that his supervisor told him he would be "let go" if his performance did not improve and harassed and intimated him. IAF, Tab 9 at 44. He also stated to OSC that he contacted OPR with his complaints about his supervisor. *Id*. The appellant further alleged in the OSC complaint that, in reprisal for his disclosures to the EEO office and his complaint to OPR, he was terminated. *Id*. at 40-46. Although the appellant's alleged disclosure to the EEO counselor concerning his supervisor's threat to engage in witness tampering does not specifically appear in the appellant's OSC complaint or other correspondence with OSC, the OSC complaint includes substantial discussions of alleged instances of discrimination and reprisal that were brought to the agency's EEO counselor's attention. *Id*. at 41-42. We find that such discussions adequately provided OSC with a sufficient basis to pursue an investigation into his allegations of whistleblower reprisal. *See Chambers*, 2022 MSPB 8, ¶ 10 (explaining that an appellant may give a more detailed account of their whistleblowing activities before the Board than they did to OSC). Based on the foregoing, we find that the appellant proved by preponderant evidence that he exhausted his administrative remedy with OSC. As such, we turn to whether the appellant nonfrivolously alleged that he made a protected disclosure or engaged in protected activity that was a contributing factor to a personnel action.

<u>The administrative judge correctly found that the appellant's disclosures to the EEO counselor are not within the Board's IRA jurisdiction.</u>

In the initial decision, the administrative judge observed that the "vast majority" of the appellant's disclosures to the EEO counselor allege "violations

of [t]itle VII for race discrimination, the creating of a hostile work environment based on race, and reprisal for protected activity." ID at 7. He stated that it is well-settled that the Whistleblower Protection Enhancement Act (WPEA), Pub. L. No. 112-199, 126 Stat. 1465 (2012) is "not the proper vehicle for redress of [t]itle VII violations." *Id*. Nonetheless, he further concluded that the appellant's disclosures to the agency's EEO counselor lacked specificity, were too conclusory, and did not evidence a category of wrongdoing as set forth in 5 U.S.C. § 2302(b)(8).[3] ID at 7-8. As such, he found that the appellant failed to nonfrivolously allege that he made a protected disclosure under the WPEA. ID at 8.

Regarding the administrative judge's initial discussion—that the WPEA is not the proper vehicle for allegations of violations of title VII—the Board recently discussed this principle in *Edwards v. Department of Labor*, 2022 MSPB 9. In *Edwards*, the Board reiterated that the Federal courts and the Board have found that the Whistleblower Protection Act (WPA), Pub. L. No. 101-12, 103 Stat. 16 (1989), does not extend to claims of discrimination and reprisal arising under title VII. *Id*., ¶¶ 10-17. The Board further stated that, although the WPEA expanded the scope of whistleblower protection, such expansion did not include title VII-related claims and that such claims remain outside of the Board's IRA jurisdiction. *Id*., ¶ 22. It also acknowledged that redress for violations of title VII, including discrimination and retaliation, is enforced by the Equal Employment Opportunity Commission. *Id*., ¶ 23.

Here, the appellant's allegations are undisputedly based on claims of discrimination based on race and sex and retaliation based on prior EEO activity. IAF, Tab 9 at 7-8, 14-20, 27. Although the appellant argues on review that,

---

[3] A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of fact that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 12.

due to the nature of his appointment, his only avenue of recourse was through the agency's EEO office, PFR File, Tab 1 at 5, he has not retracted his claim that he disclosed to the EEO counselor allegations of discrimination and reprisal arising under title VII. Indeed, in his petition for review, he reiterates his claim that he was discriminated against based on race and age. *Id*. at 8, 14, 16. Accordingly, we agree with the administrative judge that the Board lacks jurisdiction in this IRA appeal over the appellant's claims arising under title VII, which include all of his disclosures to the agency's EEO counselor.[4] *See Edwards*, 2022 MSPB 9, ¶¶ 10-17, 21-23.

<u>The appellant nonfrivolously alleged that he engaged in protected activity under 5 U.S.C. § 2302(b)(9).</u>

In the initial decision, the administrative judge acknowledged that the appellant filed a complaint with OPR, but he did not address whether this complaint constituted protected activity under the WPEA. ID at 5, 8. Thus, we do so here. Under 5 U.S.C. § 2302(b)(9)(C), disclosing information to a component responsible for internal investigation or review constitutes protected activity. It appears undisputed that OPR qualifies as such a component.

---

[4] In the initial decision, the administrative judge considered the appellant's allegation that he disclosed to the agency's EEO counselor that his supervisor threatened to engage in witness tampering. ID at 8. Specifically, the administrative judge considered whether this constituted a nonfrivolous allegation of an abuse of authority under 5 U.S.C. § 2302(b)(8), which could form the basis of a nonfrivolous allegation of a protected disclosure and, thus, establish Board jurisdiction if other elements are also met. Ultimately, the administrative judge found that the allegation was too conclusory to constitute a nonfrivolous allegation. *Id*. We need not determine whether this finding is correct because the allegation is that the threat to engage in witness tampering is related to alleged discrimination and reprisal for prior EEO activity, IAF, Tab 9 at 14-20, which takes the allegation outside of the Board's jurisdiction in an IRA appeal. *See Edwards*, 2022 MSPB 9, ¶¶ 10-17, 21-23; *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 12 (including claims of retaliation with claims of discrimination as alleged violations of the EEO statutes when both relate to EEO matters). Similarly, we make no findings regarding the administrative judge's additional discussion of the appellant's disclosures to the EEO counselor because his finding regarding the exclusion of EEO matters from IRA jurisdiction is dispositive. ID at 7-8.

The appellant alleged that he was directed to OPR because it was the "component responsible for internal investigation or review." PFR File, Tab 1 at 6. The agency similarly described OPR as the entity that "investigates employee misconduct allegations." IAF, Tab 11 at 6. To the extent the appellant's OPR complaint included matters relating to his allegations of violations of title VII, the Board has found that activity qualifying as protected under section 2302(b)(9)(C) is protected "regardless of its content." *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 62. Based on the foregoing, we find that the appellant nonfrivolously alleged that he filed a complaint with a component responsible for internal investigations, and thus, that he nonfrivolously alleged that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C).

<u>The appellant has nonfrivolously alleged that his OPR complaint was a contributing factor in his termination.</u>

As previously noted, to establish jurisdiction, an appellant must nonfrivolously allege that he made a protected disclosure or engaged in protected activity that was a contributing factor in a personnel action. *Edwards*, 2022 MSPB 9, ¶ 8. The appellant has alleged that he was terminated in reprisal for his protected activity, and a termination is a qualifying personnel action under 5 U.S.C. § 2302(a)(2)(A)(iii).

To satisfy the contributing factor criterion at the jurisdictional stage, the appellant only need raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure was one factor that tended to affect the personnel action in any way. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 19. One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel

action. *Id*. The Board has held that a personnel action taken within approximately 1 to 2 years of the appellant's disclosure or activity satisfies the knowledge/timing test. *Id*.

Here, it is undisputed that the Deputy Cadre Coordinator (DCC) Program Manager issued the notice terminating the appellant's appointment. IAF, Tab 11 at 19. The appellant generally refers to his complaint to OPR in the same context as his disclosures to EEO, regarding both as "disclosures," and he has alleged that the DCC Program Manager was aware of his disclosures. IAF, Tab 9 at 9, Tab 15 at 4. Such allegations satisfy the knowledge prong of the knowledge/timing test.

Regarding the timing prong, the appellant does not allege specifically when the DCC Program Manager became aware of his OPR complaint. IAF, Tabs 1, 9, 15. However, he alleged that he filed the OPR complaint on February 2, 2021, and he was subsequently terminated less than 1 year later on October 22, 2021. IAF, Tab 11 at 19, 22; Tab 15 at 4. Generally, we construe allegations liberally in favor of finding jurisdiction, given the minimal showing required to meet the nonfrivolous standard. *See Skarada*, 2022 MSPB 17, ¶ 6 (stating that any doubt or ambiguity as to whether the appellant made a nonfrivolous jurisdictional allegation should be resolved in favor of finding jurisdiction); *Jessup v. Department of Homeland Security*, 107 M.S.P.R. 1, ¶ 10 (2007) (observing that the appellant's burden of making a nonfrivolous allegation is low and requires only a minimal sufficient showing). Here, we reasonably construe the appellant's claim that the DCC Program Manager was aware of his February 2021 OPR complaint to at least allege that she became aware of it within 1 year of issuing the notice terminating the appellant in October of 2021. Such an allegation satisfies the timing prong of the knowledge/timing test. *Skarada*, 2022 MSPB 17, ¶ 19. Thus, we find that the appellant satisfied both prongs of the knowledge/timing test. Accordingly, we find that the appellant nonfrivolously alleged that he engaged in protected activity that was a

contributing factor in a personnel action, and that he, therefore, established the Board's jurisdiction over his appeal.

## ORDER

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.[5]

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.

---

[5] When issuing the remand initial decision, the administrative judge should incorporate the findings and discussions here regarding exhaustion and the appellant's disclosures to the agency's EEO office.